

Sara J. Isaascon

420 Lexington Avenue, Suite 1830
New York, New York 10170-1830
Main:  212.392.4772
Direct:  212.738.9358
Fax:  212.444.1030
sara@lipskylowe.com

www.lipskylowe.com

October 28, 2021

VIA ECF
The Honorable Naomi Reice Buchwald, U.S.D.J.
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   Loanstreet Inc. and Ian Lampl v. Wyatt Troia, 1:21-cv-06166 (NRB)

Dear Judge Buchwald:

This law firm represents Defendant Wyatt Troia. We write in response to Plaintiffs' October 22, 2021 letter requesting that the Court authorize subpoenas upon third parties Reddit, Inc., Google LLC and Microsoft Corporation. (Doc. No. 22).

Background

In their July 19, 2021 Complaint, Plaintiffs allege that Defendant posted defamatory statements about them on various Internet platforms, including Reddit.com and Teamblind.com, and purchased Google ads using LoanStreet's trademark LOANSTREET to promote his statements on those sites.[1] While it attributes the Reddit and Teamblind posts to him, the Complaint does not allege Defendant signed his name to any of them. It, rather, acknowledges the Reddit posts were made by user "Real_Obligation_4449"[2] and the Teamblind posts by user "hhSE50"[3]. A similar issue exists with the Google ads. While the Complaint alleges Defendant is responsible for them, his name does not appear anywhere on them. Those ads, instead, link to the Reddit.com posts by user "Real_Obligation_4449."[4]

On August 17, Your Honor denied Plaintiffs' August 4 request to commence discovery between the parties and, instead, suggested that Plaintiffs send document preservation notices to the third parties from which they sought discovery.[5] Your Honor further directed Plaintiffs to submit any third party subpoenas to the Court for review and

---

[1] Dkt. No. 1.

[2] *Id.* ¶ 42.

[3] *Id.* ¶44.

[4] *Id.* ¶ 49.

[5] Dkt. No. 11.



The Honorable Naomi Reice Buchwald
October 28, 2021
Page 2 of 3

authorization prior to service "should plaintiffs believe that this step is insufficient and still desire to serve subpoenas prior to a Rule 26(f) conference[.]"[6]

<u>Each subpoena should be limited to avoid unmasking the author of these posts and ads</u>

Weighing the First Amendment's protection of anonymous speech, courts examine five factors to determine whether to permit disclosure of an anonymous Internet speaker's identity: (1) whether plaintiff made a concrete showing of a *prima facie* claim of actionable harm, (2) specificity of the discovery request, (3) the absence of alternative means to obtain the subpoenaed information, (4) the need for the subpoenaed information to advance the claim, and 5) the objecting party's expectation of privacy. *Taylor v. Doe*, 20-cv-3398 (MKV), 2021 U.S. Dist. Lexis 129358, at *5 (S.D.N.Y. July 12, 20210); *Sony Music Entertainment v. Does 1-40*, 326 F. Supp. 2d 556 (S.D.N.Y. 2000). Plaintiffs' subpoenas fall because they cannot meet the third factor.

Here, all three subpoenas ask for the third parties to reveal the anonymous author of the posts and ads. But that is neither necessary nor warranted, considering this case is about the extent to which Defendant purportedly defamed the Plaintiffs online.[7] This case is not, by contrast, about identifying who is defaming Plaintiffs. Plaintiffs therefore have an alternative means to obtain the information they seek from these third parties: Defendant. They can serve him with Rule 34 document requests to learn what purported defamatory statements he made online under pseudonyms, without running afoul of the First Amendment's protections of anonymous speech.

The following requests in the Reddit subpoena should accordingly be stricken as they would impermissibly cause Reddit to unmask user "Real_Obligation_4449" and other anonymous users: Nos. 3, 4, 5, 6 and 7. Request No. 1 should likewise be stricken because it includes the term "Troia Posts," which Defendants define as posts by Real_Obligation_4449 *and* Defendant. Producing documents in response to this request would therefore, likewise, involve Reddit unmasking the author of all "Troia Posts." We do not object to No. 8.

As to the Google subpoena, many of these requests include the term "Troia Google Ads," which Plaintiffs define to mean ads Defendant purchased. By producing documents in response to these requests, Google would be identifying all ads that Defendant posted anonymously, resulting in Google unnecessarily unmasking him. This warrants striking all Requests but No. 8. We do not object to No. 8.

As to the Microsoft subpoena, the following requests should be stricken as they would cause Microsoft to unmask user "hhSE50": Nos. 2 and 3.

---

[6] *Id*.

[7] Defendant, to be sure, denies defaming Plaintiffs.



The Honorable Naomi Reice Buchwald
October 28, 2021
Page 3 of 3

<u>Plaintiffs offer no reason for the urgency of these subpoenas</u>

Plaintiffs are silent on why these subpoenas are even necessary at this stage. They do not state whether they sent a litigation hold letter to these third parties or why doing so would be insufficient, as the Court suggests in the August 17 Order. They, instead, jump to serving the subpoenas without explaining why the urgency exists. This warrants an outright denial of these subpoenas.

<u>Plaintiffs should not be permitted to serve the Microsoft Subpoena</u>

Two significant issues exist with Plaintiffs' proposed subpoena upon Microsoft, warranting the Court not to authorize it or, at minimum, to strike certain requests. First, Microsoft is Defendant's current employer. Plaintiffs' request to serve a subpoena upon Microsoft should accordingly be denied because it is harassing and could negatively impact his employment relationship. Courts in this District regularly deny requests to obtain discovery from a party's current employer for these very reasons. *See Conrod v. Bank of New York*, No. 97-cv-6347 (RPP), 1998 U.S. Dist. LEXIS 11634, at *5 (S.D.N.Y. July 28, 1998) (quashing subpoena upon plaintiff's current employer because there is a "direct negative effect that disclosures of disputes with past employers can have on present employment, subpoenas in this context, if warranted at all, should be used only as a last resort."); *Abdelsayed v. New York Univ.*, No. 17-cv-9606 (VSB)(KHP), 2019 U.S. Dist. LEXIS 92396, at *12 (S.D.N.Y. June 3, 2019) (quashing a subpoena issued to the plaintiff's current employer because of the "heightened concerns about the impacts of a subpoena on [a plaintiff's] current employment.").

Second, many of the requests go beyond what is relevant and should be stricken *See Warnke v. CVS Corp.*, 265 F.R.D. 64, 66 (S.D.N.Y. 2010) (quoting *Ireh v. Nassau Univ. Med. Center*, 06-09, 2008 U.S. Dist. LEXIS 76583, at *5 (E.D.N.Y. Sept. 17, 2008)) ("A subpoena issued to a non-party . . . is 'subject to Rule 26(b)(1)'s overriding relevance requirement.'") This is the case for Request Nos. 1 and 4. These Requests seek all documents Defendant created (Request No. 1) and all of his communications (Request No. 4) that concern Plaintiffs. These Requests, on their face, are not limited to the claims and Plaintiffs do not state why such sweeping, unlimited Requests are necessary.

We thank the Court for its time and attention to this matter.

Respectfully Submitted,
LIPSKY LOWE LLP


<u>s/ Sara J. Isaacson</u>
Sara J. Isaacson
Douglas B. Lipsky


cc:     Counsel of record (ECF)