# LEWIS & LIN LLC

Brett E. Lewis
David D. Lin

Michael D. Cilento
Michael Druckman
Jane J. Jaang
Roberto Ledesma
Savita Sivakumar
Rachel Ann Stephens
Shuyu Wang

77 Sands Street, 6th Floor
Brooklyn, NY 11201

Tel: (718) 243-9323
Fax: (718) 243-9326

www.iLawco.com

December 14, 2023

**VIA ECF**
Hon. Naomi Reice Buchwald, U.S.D.J.
United States District Court, Southern District of New York
500 Pearl Street
New York, NY 10007

*Re: LoanStreet, Inc. et al., v. Troia,*
*21-cv-06166 (NRB)*

Dear Judge Buchwald:

Pursuant to Federal Rule of Civil Procedure 12(c) and this Court's Individual Practice Rules Section 2(B), Defendant Wyatt Troia ("Defendant" or "Troia") respectfully submits this letter, by and through his undersigned counsel, to request a pre-motion conference in advance of Defendant's contemplated motion for judgment on the pleadings against Plaintiffs LoanStreet, Inc. and Ian Lampl (collectively, "Plaintiffs") for Plaintiffs' Lanham Act and common law unfair competition claims (ECF No. 3 ("Complaint"), Counts V and VI).

In light of the Supreme Court's recent discussion on the issue of balancing the Lanham Act protection for trademarks and the First Amendment interest of free expression, Defendant requests this Court to apply the "*Rogers* test" developed in the Second Circuit and examined by the Supreme Court in *Jack Daniel's Properties, Inc. v. VIP Products LLC*, 599 U.S. 140 (2023). The *Rogers* test is a threshold test designed to protect First Amendment interests in the trademark context which holds that the Lanham Act should not apply to the use of a mark in expressive works unless such use has no relevance to the underlying work whatsoever, or "explicitly misleads" the audience as to the source or the content of the work. *Rogers v. Grimaldi*, 875 F.2d 994, 999 (2d Cir. 1989). In *Jack Daniel's*, the Supreme Court clarified the scope of *Rogers's* application to hold that the test does not apply when an alleged infringer uses a trademark as a designation of source of the infringer's own goods, no matter how much artistic relevance there is; but the Court did not disturb *Rogers's* application when a trademark is not being used as a source identifier. 599 U.S. at 163. Thus, under *Jack Daniel's*, the issue of balancing the Lanham Act protection and First Amendment interests essentially calls for a two-step inquiry: (1) whether an alleged infringer's use of a trademark is for source-identifying to preclude the application of the *Rogers* test, and (2) when the *Rogers* test does apply, whether

# LEWIS & LIN LLC

such use has no artistic relevance[1] or is too explicitly misleading to warrant the First Amendment protection.

### A. Plaintiffs' Lanham Act Claim Fails the *Rogers* Test

As an initial matter, there can be no dispute that Defendant's use of the LOANSTREET trademark (the "LoanStreet Mark") is not for source-identifying. In the Complaint, Plaintiffs do not allege that Troia used the LoanStreet Mark to identify an alternative source of services or products, to divert consumers from Plaintiffs' services. *See generally* Complaint ¶¶ 48–55. Instead, Plaintiffs merely alleged that Troia's Google Ad campaign would cause a link directed to his Reddit.com post (the "Reddit Post") – something expressive and communicative in nature – to appear in the search results for the term "LoanStreet." *Id.* ¶ 51. As such, Plaintiffs' allegations fail to point out how Troia's use of the LoanStreet Mark serves the source-identifying function of a trademark, distinguishing himself from other service providers. *Jack Daniel's*, 599 U.S. at 156-57; *see also id.* at 146 ("whatever else it may do, a trademark is not a trademark unless it identifies a product's source (this is a Nike) and distinguishes that source from others (not any other sneaker brand))." Instead, Troia's use of the term "LoanStreet" was solely (and necessary) to convey his sentiments about the company. Given Troia's use of the LoanStreet Mark does not serve the function of a trademark, but merely "perform[s] some other expressive function," the application of the *Rogers* test is warranted. *Id.* at 154.

Under the *Rogers* test, Troia's use of the LoanStreet Mark is highly relevant to the expressive value of his Reddit Post. The threshold for "artistic relevance" is deliberately low and will be satisfied unless the use "has *no* artistic relevance to the underlying work *whatsoever*." *Louis Vuitton Malletier S.A. v. Warner Bros. Entm't Inc.*, 868 F. Supp. 2d 172, 178 (S.D.N.Y. 2012) (emphasis in original). Troia's use of the LoanStreet Mark clearly meets this standard. As alleged in the Complaint, Troia's Google Ads linked to his Reddit Post is titled as "LoanStreet horror story" as shown in the Google search results, which on its face conveys an impression of a commentary or criticism, rather than a commercial advertisement to promote goods or services. *See* Complaint ¶ 49. The use of the LoanStreet Mark, which is also the name of the company LoanStreet, Inc., is essential for Troia to express his unpleasant employment experiences because it enables Troia to identify his former employer as the subject of his criticism. Without naming the company, the Reddit Post would fail to serve its purpose of spotlighting unfair employment practices at LoanStreet.

Nor is Troia's use of the LoanStreet Mark "explicitly misleading," which Plaintiffs also fail to plead. Although this determination is based on the same considerations as the likelihood of confusion factors for trademark infringement, (*i.e.*, the factors outlined in *Polaroid Corp. v. Polarad Elecs. Corp.*, 287 F.2d 492 (2d Cir. 1961)), "only a 'particularly compelling' finding of likelihood of confusion can overcome the First Amendment interests.'" *Champion*, 561 F. Supp. 3d at 435-36. Accordingly, when applying the Rogers test, courts routinely dismiss Lanham Act cases prior to the commencement of discovery. *See Louis Vuitton Malletier*, 868 F. Supp. 2d at

---

[1] Although the *Rogers* test was born out of an artistic work, the Second Circuit has expanded the test beyond purely artistic works to apply whenever the "unauthorized use of another's mark is part of a communicative message and not a source identifier." *Yankee Publishing Inc. v. News America Publishing Inc.*, 809 F. Supp. 267, 275-76 (S.D.N.Y. 1992); *see also Champion v. Moda Operandi, Inc.*, 561 F. Supp. 3d 419 (2021) (applying the *Rogers* test to use of the plaintiffs' works in a magazine commentary); *United We Stand Am. Inc. v. United We Stand, Am. N.Y., Inc.*, 128 F.3d 86, 93 (2d Cir. 1997) (finding that the *Rogers* test applies to "commentary… or criticism").

183 (citing cases).

Here, as this Court has already noted, "it seems unlikely that an Internet user who reads defendant's advertisements would believe that they belong to or are endorsed by Plaintiffs," since the ads "bear titles such as "LoanStreet horror story – LoanStreet careers" and "LoanStreet horror story – 'a terrible place to work'," show excerpts of defendant's disparaging posts, and display links to Reddit.com." ECF No. 39 at 34-35. Plaintiffs' pleadings indicate that Internet users who clicked on Troia's Google Ads were directed to his Reddit Post and statements, rather than any website offering competing services. *See* Complaint ¶¶ 51-53.  Indeed, Reddit.com is a website where users, including Troia, make posts and statements for "exposure" rather than marketing or promoting a "fully integrated online platform that allows users to share, manage, and originate loans," as LoanStreet's website does. *See* Complaint ¶¶ 11, 81.  Plaintiffs make no allegation that the Reddit page that the ads link to bears any similarity in design, content, or purpose to LoanStreet's web page. Furthermore, the title of the Google Ads shown in the Google search results speaks for itself – the Reddit Post is an expressive piece or work sharing a "horror story," which a reasonable reader, and certainly the sophisticated enterprise software purchasers and technology job seekers who would be searching for LoanStreet on Google, would interpret as commentary or criticism about LoanStreet that was written by a party other than LoanStreet, as it contains negative information about LoanStreet. *See* Complaint ¶ 49; *see also 1-800 Contacts, Inc. v. JAND, Inc.*, 608 F. Supp. 3d 148 at 158 (finding that the sophistication of consumers in a highly advanced Internet era would review the results and content of their online search before taking any further action such as making an online purchase, and therefore dismissing the plaintiff's Lanham Act claims as they failed to plead a likelihood of confusion). Given the strength of the LoanStreet Mark is allegedly strong, a reasonable Internet user would understand that Troia's explicit and full incorporation of the LoanStreet Mark in his Google Ads was to criticize the mark holder, rather than to present a confusingly similar mark or divert the Internet user traffic to another competing service provider. *See Lombardo v. Dr. Seuss Enterprises, L.P.*, 279 F. Supp. 3d 497, 514 (S.D.N.Y. 2017), aff'd, 729 F. App'x 131 (2d Cir. 2018) (granting judgment on the pleadings against defendant's Lanham Act counterclaims where the public interest in free expression outweighed the risk of confusion). What's more, consumers diverted on the Internet can "more readily get back on track. . . thus minimizing the harm to the owner of the searched-for site from consumers becoming trapped in a competing site." *1-800 Contacts*, 608 F. Supp. 3d at 160 (citing *Savin Corp. v. Savin Grp.*, 391 F.3d 439, 456 (2d Cir. 2004)).  Thus, the context of Troia's use of the LoanStreet Mark does not support a plausible interpretation that his Google Ads campaign "creates confusion" based on Plaintiffs' conclusory allegations—much less a "particularly compelling" one.  Therefore, this Court should dismiss Plaintiffs' Lanham Act claim based on the pleadings under the *Rogers* test.

**B. Plaintiffs' Common Law Unfair Competition Claim Also Fails as Their Lanham Act Claim Fails**

An unfair competition claim under New York common law requires all the elements of a Lanham Act unfair competition claim plus a showing of bad faith. *LaChapelle v. Fenty*, 812 F. Supp. 2d 434, 444 (S.D.N.Y. 2011).  When a plaintiff's federal unfair competition claim fails, the pendent state law unfair competition claim fails as well. *AM Gen. LLC v. Activision Blizzard, Inc.*, 450 F. Supp. 3d 467, 485 (S.D.N.Y. 2020).  Because Plaintiffs' insufficient pleading under the *Rogers* test warrants a dismissal of their Lanham Act unfair competition claim, Plaintiffs' common law unfair competition claim should be dismissed as well.

# LEWIS & LIN LLC

For the reasons set forth above, Defendant respectfully requests that this Court enter a judgment on the pleadings that Plaintiffs' Lanham Act and common law unfair competition claims fail under the *Rogers* test.

Respectfully submitted,

By: */s/David D. Lin*
David D. Lin, Esq.

LEWIS & LIN, LLC
77 Sands Street, 6th Floor
Brooklyn, NY 11201
Tel: (718) 243-9323
Fax: (718) 243-9326
Email: David@iLawco.com

*Counsel for Defendant*