

Christopher M. Gerson
212.756.2087
Chris.Gerson@srz.com

December 19, 2023

VIA ECF

Hon. Naomi Reice Buchwald
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

**RE:  LoanStreet Inc. et al v. Troia**
     **1:21-cv-06166-NRB (S.D.N.Y.)**

Dear Hon. Buchwald:

    Plaintiffs respectfully submit this letter in response to Defendant's request for a pre-motion conference on Defendant's contemplated motion for judgment on the pleadings against Plaintiffs under Rule 12(c) as to Counts V and VI of the Complaint. Because the Court has already denied Defendant's motion to dismiss these counts (Dkt. 39 at 26-36) and the pleadings have not changed since, Plaintiffs respectfully request that Defendant's request to file its motion on the pleadings be denied as little more than an untimely request for reconsideration of the Court's prior ruling and inappropriate use of Court and party resources.

    Defendant's request is plainly untimely and unwarranted at this stage. Plaintiffs' alleged Counts V and VI in their July 21, 2021 Complaint are causes of action for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A), and New York common law. On November 1, 2021, Defendant moved to dismiss Counts V and VI of Plaintiffs' Complaint pursuant to Rule 12(b)(6). On August 17, 2022, the Court denied Defendant's motion as to those counts. Other than Defendant's Answer to Plaintiffs' Complaint (which is not relevant here), there have been no new pleadings on Counts V and VI since then. To the extent that Defendant seeks now to move pursuant to Rule 12(c), that is a distinction without a difference, as both Rule 12(c) and Rule 12(b)(6) are determined under the same standard. *See Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010) ("In deciding a Rule 12(c) motion, we employ[ ] the same standard applicable to dismissals pursuant to Fed. R. Civ. P. 12(b)(6).") (internal quotation omitted).[1]

---

[1] In the Court's Order denying Defendant's motion to dismiss, the Court identified issues of fact that would be premature to resolve at the pleadings stage (*see* Dkt. 39 at, *e.g.,* 35). Plaintiffs have suggested to Defendant a schedule that includes a period of targeted fact discovery to commence immediately following the holidays. At a minimum, and consistent with the Court's previous ruling, Plaintiffs should have an opportunity to seek discovery on these issues first and prior to any additional motion practice on these counts.

Case 1:21-cv-06166-NRB   Document 79   Filed 12/19/23   Page 2 of 2



December 19, 2023
Page 2

  Further, there has been no change in circumstance that would justify disturbing the Court's prior ruling. Despite Defendant's citation to the Supreme Court's recent ruling in *Jack Daniel's*, it is clear that there has been no change in controlling law. Defendant seeks to apply the "*Rogers* test" to Plaintiffs' claims while conceding that the *Jack Daniel's* court "did not disturb" the *Rogers* test, and *Rogers* has been Second Circuit law since 1989. Indeed, in its August 17, 2022 decision on Defendant's 12(b)(6) motion, the Court cited in support of its order dismissing the motion legal authority that explicitly incorporates *Rogers*. *See* Dkt. 39 at 29 (citing *Planned Parenthood Fed'n of Am., Inc. v. Bucci*, No. 97 Civ. 0629 (KMW), 1997 WL 133313 (S.D.N.Y. Mar. 24, 1997)).[2] Furthermore, the Court has already ruled in its order on Plaintiffs' motions pursuant to 12(b)(6) and 12(c) that Defendant's speech in question is not protected.

  Because there have been no new pleadings or change in controlling law, Defendant is essentially seeking the Court reconsider its August 17, 2022 decision to decline dismissal of the claims in Counts V and VI without any basis for reconsideration. As such it is unwarranted and untimely, and Plaintiffs respectfully ask the Court to decline Defendant's request.

Respectfully Submitted,

*/s/ Christopher M. Gerson*

Christopher M. Gerson

cc: Counsel of Record (via ECF)

---

[2] In *Planned Parenthood,* that court found "[d]efendant's use of plaintiff's mark is not protected… under *Rogers*…." *Planned Parenthood Fed'n of Am., Inc.*, 1997 WL 133313, at * 11.