**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

LOANSTREET INC, and IAN LAMPL

              Plaintiffs,

     v.

WYATT TROIA

              Defendant.

Civil Action No. 1:21-cv-06166-NRB

**STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER**

WHEREAS, in the above-captioned action, Plaintiffs LoanStreet Inc. and Ian Lampl (the "Plaintiffs"), Defendant Wyatt Troia (the "Defendant"), or a third party may be required to disclose information that the disclosing party deems to be confidential or highly confidential, as defined in paragraphs 2 and 3 below;

WHEREAS, the Plaintiffs and Defendant wish to facilitate discovery while protecting confidential information, as defined below, in accordance with applicable law;

WHEREAS, the Plaintiffs and Defendant, having conferred through their respective counsel, stipulate and agreed to the following terms of a protective order;

**ACCORDINGLY, IT IS HEREBY STIPULATED, AGREED AND ORDERED that:**

1.     Pursuant to Federal Rule of Civil Procedure 26(c), good cause exists for the entry of this Protective Order (the "Order").

**DEFINITIONS**

2.     The term "Confidential Information," as used in this Order, means "trade secret or other confidential research, development, or commercial information," as those terms are construed within the meaning of Federal Rule of Civil Procedure 26(c)(1)(G).

3.      The term "Highly Confidential Information" may be used by the Producing Party, subject to the provisions of this Order, if the Producing Party reasonably and in good faith believes that the material contains: (1) trade secrets or other information that the party reasonably believes would result in competitive, commercial, or financial harm to the disclosing party or its personnel, clients or customers if it were handled under the procedures for Confidential Information and (2) information that a Producing Party believes in good faith would not otherwise be adequately protected under the procedures set forth herein for Confidential Information such that disclosure would result in irreparable harm.  Notwithstanding the provisions of this Order, neither Plaintiffs nor Defendant is prohibited from disclosing any Discovery Material if such Discovery Material was previously made generally known to the public other than as a result of a breach of any applicable confidentiality obligation.

4.      The term "Discovery Material," as used in this Order, means any and all documents, information, and tangible things exchanged or furnished in the course of discovery by the Plaintiffs, Defendant, and other persons or entities subject to discovery, including deposition testimony and exhibits thereto, answers to interrogatories, and responses to other discovery requests and subpoenas.

5.      The term "Producing Party," as used in this Order, means the Plaintiffs, Defendant, or any non-party that produces Discovery Material.

6.      The term "Receiving Party," as used in this Order, means the Plaintiffs, Defendant, or any non-party that receives Discovery Material.

**DESIGNATION OF CONFIDENTIAL INFORMATION AND HIGHLY CONFIDENTIAL INFORMATION IN DISCOVERY MATERIAL**

7.      A Producing Party shall designate documents that it believes should be subject to treatment as Confidential Information or Highly Confidential Information under this Order by placing or affixing on each page of such documents the words "CONFIDENTIAL– Court Order" or

"HIGHLY CONFIDENTIAL - Court Order."

8.     A Producing Party may designate any magnetic or electronic media (e.g., videotape or computer disk or DVD/CD-ROM disk) as Confidential Information or Highly Confidential Information by placing or affixing a label on such media stating "CONFIDENTIAL - Court Order" or "HIGHLY CONFIDENTIAL - Court Order." Wherever practicable, Confidential Information or Highly Confidential Information produced electronically shall be formatted such that printed copies of any document(s) contained therein shall print with a header or footer stating "CONFIDENTIAL - Court Order" or "HIGHLY CONFIDENTIAL - Court Order."

9.     Any Producing Party may designate information disclosed at a deposition as Confidential Information or Highly Confidential Information by notifying all counsel in writing within ten (10) business days of receipt of the final deposition transcripts of the specific pages and lines of the transcript that it wishes to designate as Confidential Information or Highly Confidential Information. The notice in writing may be accomplished via electronic mail.  Until the 10 business day period elapses, the entire transcript shall be treated as "CONFIDENTIAL." The use of specific portions of the deposition transcript that are designated as Confidential Information or Highly Confidential Information shall be governed by this Order.

10.     In the event of a disclosure of any document or information designated as Confidential Information or Highly Confidential Information to a person not authorized to have had such disclosure made to him or her under this Order, and in the event the party responsible for having made or allowed such disclosure becomes aware of such disclosure, that party shall promptly inform counsel for the Producing Party whose document or information designated as Confidential Information or Highly Confidential Information has thus been disclosed of all relevant information concerning the nature and circumstances of such disclosure. The responsible party also shall take all reasonable

measures promptly to ensure that no further or greater unauthorized disclosure of the document or information designated as Confidential Information or Highly Confidential Information occurs.

11.     The designation, or lack of designation, of information as Confidential Information or Highly Confidential Information shall be of no evidentiary effect. Nothing in this Order shall preclude a Producing Party from objecting to the admissibility on any grounds of any Discovery Material produced.

12.     Disputes concerning the designation of Confidential or Highly Confidential Information shall be handled as follows: counsel for the party challenging ("Challenging Party") the propriety of a designation of Confidential Information or Highly Confidential Information shall notify, in writing, counsel for the Producing Party of the nature of the challenge. The notice in writing may be accomplished by electronic mail.  The Challenging Party and the Producing Party shall meet and confer and make a good faith effort to resolve the dispute. In the event that these parties are unable to resolve the dispute, the Challenging Party may apply to the Court for a determination as to whether the Producing Party appropriately designated the document or tangible thing as Confidential Information or Highly Confidential Information. If the Challenging Party files such an application with the Court, the document or tangible thing at issue will be treated as Confidential Information or Highly Confidential Information until the Court has rendered its determination.

## DISCLOSURE OF INFORMATION DESIGNATED AS CONFIDENTIAL INFORMATION OR HIGHLY CONFIDENTIAL INFORMATION

13.     All documents, testimony, or information disclosed in the litigation shall be used for the sole purpose of conducting the litigation and for no other purpose.

14.     Confidential Information designated as such, and any copies thereof and/or notes made therefrom, shall not be disclosed to any persons other than the following:

(a)     counsel of record for Parties, co-counsel assisting such counsel of record in the

4

litigation, the partners, of counsel, and associate attorneys or law clerks of such counsel of record and co-counsel assisting in the litigation, and any litigation support personnel, paralegals, or stenographic and/or videographic reporters, secretarial, clerical, or administrative personnel assisting counsel of record for the Parties in the litigation;

(b)     personnel of the Parties actually engaged in assisting in this proceeding and who have been advised of their obligations hereunder;

(c)     named parties, or legally authorized representatives of named parties whose duties include assisting in the prosecution or defense of this action, other than counsel of record as set forth in subparagraph (a) above;

(d)     experts, consultants and contractors retained to assist counsel of record in the litigation, including their assistants, staff, and stenographic, secretarial, clerical, or administrative personnel;

(e)     litigation vendors retained for purposes of this litigation (including but not limited to outside photocopy, imaging, database, graphics, translation, and design services) including their support, administrative, and clerical staff, to the extent necessary to assist a party in this litigation;

(f)     any deponents in the litigation and their counsel, provided that such witnesses not retain any copies of documents or tangible things marked "CONFIDENTIAL" that they did not previously author or receive;

(g)     any witnesses or prospective witnesses, including but not limited to third-party witnesses, and their counsel, provided that such witness not retain any copies of documents or tangible things marked "CONFIDENTIAL" that they

did not previously author or receive;

(h)     the Court and its staff, including stenographic and/or videographic reporters, in connection with the Court's administration and adjudication of this action;

(i)     any mediator engaged by the parties to this action;

(j)     any person who authored or previously received the Confidential Information;

(k)     any other person to whom the Court compels disclosure of the Confidential Information or to whom disclosure is required by law; and

(l)     any other person agreed upon by the parties.

15.     Highly Confidential Information designated as such, and any copies thereof and/or notes made therefrom, unless otherwise ordered by the Court or permitted in writing by the Producing Party, shall not be disclosed to any persons other than those persons described in Subparagraphs (a), (d), (e), (f), (h), (i), (j), (k), and (l) of Paragraph 14 of this Order. In addition, Highly Confidential Information may be disclosed to any persons described in Subparagraph (g) of Paragraph 14 of this Order, provided that such persons must not retain any copies of documents or tangible things marked "HIGHLY CONFIDENTIAL" and must comply with the requirements of Paragraph 19.

16.     To ensure that the "Highly Confidential" designation is used only where it is appropriate, a Producing Party shall not group-designate Discovery Material as "HIGHLY CONFIDENTIAL" without making a document-specific determination.

17.     Any party to whom Confidential Information or Highly Confidential Information is disclosed pursuant to this Order that receives a subpoena, order, or other request for production or disclosure of all or part of such Confidential Information or Highly Confidential Information shall, within five (5) business days after receiving such subpoena, order, or other request, provide written notice by facsimile or electronic transmission to the relevant Producing Party, identifying the

information sought and attaching a copy of the subpoena, order, or other request, so that the Producing

Party may, if it so chooses, make an application for relief from the subpoena, order, or other request.

**USE OF INFORMATION DESIGNATED AS CONFIDENTIAL INFORMATION OR HIGHLY CONFIDENTIAL INFORMATION IN COURT FILINGS**

18.     In the event the Plaintiffs, Defendant, or any other party that is a signatory to this

Order seeks to submit to the Court any Confidential Information or Highly Confidential Information

for any purpose prior to trial, that party shall do so in accordance with the rules of this Court regarding

applications for sealed filings.

**GENERAL PROVISIONS**

19.     With the exception of the persons specified in Paragraph 14(a), (f), (h), (i), (j), (k), and

(l), any person to whom Confidential Information or Highly Confidential Information is to be

disclosed shall first be advised by the attorney making the disclosure to that person that pursuant to

this Order he or she may not divulge any Confidential Information or Highly Confidential Information

to any other person not authorized under Paragraphs 14 and 15 above to have access to such

Confidential Information or Highly Confidential Information. The attorney disclosing Confidential

Information or Highly Confidential Information shall secure from each person to whom the

Confidential Information or Highly Confidential Information is disclosed (except the persons specified

in Paragraph 14(a), (f), (h), (i), (j), (k), and (l)) a declaration in the form attached hereto as Exhibit A,

stating that such person has read the Order and agrees to be bound by it. The attorney securing the

declaration shall maintain it until further order of the Court.

20.     Production of any documents, testimony, or information in these Actions without a

designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall not, in and of itself, be

deemed a waiver of any party's claim that the information constitutes Confidential or Highly

Confidential Information if, after discovering such failure to so designate, the Producing Party sends a

7

written notice to counsel for all other Parties and designates the previously produced documents, testimony or information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Upon receipt of such notice, the Receiving Party shall thereafter treat the documents, testimony or information as if they had been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" upon initial production.

21.     Pursuant to Federal Rule of Evidence (FRE) 502(d), disclosure (including production) of information that a Party or non-party later claims should not have been disclosed because of a privilege, including, but not limited to, the attorney-client privilege or work product doctrine ("Privileged Information"), shall not constitute a waiver of, or estoppel to, any claim of attorney-client privilege, attorney work product, or other ground for withholding production as to which the Producing Party would be entitled in the litigation or any other federal or state proceeding. Pursuant to FRCP 26(b)(5)(B) and FRE 502(e), the Receiving Party hereby agrees to return, sequester, or destroy any Privileged Information disclosed or produced by the Producing Party upon request within five (5) business days. The failure of any party to provide notice or instructions under this Paragraph shall not constitute a waiver of, or estoppel to, any claim of attorney-client privilege, attorney work product, or other ground for withholding production as to which the Producing Party would be entitled in the litigation or any other federal or state proceeding. Nothing in this Order shall preclude the Plaintiffs, Defendant, or any third party from using or disclosing documents that it has obtained through no violation of this Order.

22.     Nothing in this Order shall be deemed to preclude the Plaintiffs, Defendant, or any third party from seeking modification of the terms of this Order, additional protection with respect to the confidentiality of documents or other discovery material, or leave to disclose documents or other discovery material beyond the terms of this Order.

23.     This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder.

24.     This Order shall survive the termination of the litigation. Except as provided by law or other regulatory authority or unless otherwise ordered or agreed in writing by the Producing Party, within 60 days of the final disposition of these Actions whether by settlement, final judgment, denial of final appeal, or other termination of these Actions, each party in receipt of Discovery Material designated as Confidential Information or Highly Confidential Information, shall either promptly return all copies of the Confidential or Highly Confidential documents to the Producing Party or take reasonable efforts to destroy the Confidential or Highly Confidential documents, except for: (1) such information or material that was transmitted electronically and whose removal or destruction from a Party's electronic systems would violate applicable federal or state law, rule or regulation, or policies and procedures reasonably designed to ensure compliance with such law, rule or regulation; and (2) information saved on backup media in an electronically stored format. However, each Party and counsel for each Party may keep one complete set of all pleadings, transcripts, filings, motions, briefs, related supporting papers and exhibits. This Order shall not be construed to cause counsel for the Plaintiffs and Defendant to produce, return, and/or destroy their own attorney work product, or the work product of their co-counsel, created in anticipation of or in connection with these Actions.

25.     The Parties agree to treat the terms of this Stipulation as binding upon execution, and before it is formally entered by the Court.

SO ORDERED.

Dated:  February 15, 2024

The Honorable Naomi Reice Buchwald
United States District Judge

9

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

LOANSTREET INC, and IAN LAMPL

              Plaintiffs,

    v.

WYATT TROIA

             Defendant.

Civil Action No. 1:21-cv-06166-NRB

**Non-Disclosure Agreement**

I, [_____], acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential or Highly Confidential. I agree that I will not disclose such Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____          Signature: _____