

Akrivis Law Group, PLLC
One Southeast Third Avenue
Suite 2120
Miami, Florida 33131
+1.305.359.6399
akrivislaw.com

February 15, 2024

<u>Via ECF</u>

The Hon. Naomi Reice Buchwald
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

### Re: LoanStreet Inc. and Ian Lampl v. Wyatt Troia, Case No. 21-cv-06166-NRB

Dear Judge Buchwald:

Pursuant to 28 U.S.C. § 1441 and this Court's Individual Practice Rules Section 2(b), Plaintiffs LoanStreet Inc. and Ian Lampl ("Plaintiffs") respectfully submit this letter to request a pre-motion conference regarding Plaintiffs' intent to seek removal of the New York State Supreme Court action Wyatt Troia v. LoanStreet Inc. and Ian Lampl, Index 150354/2024 (the "State Action") to your jurisdiction. The complaint ("the State Action Complaint") from the State Action is attached herein as Exhibit 1.

The single claim Troia brings in that State Action Complaint is an anti-SLAPP claim against LoanStreet and Lampl that is duplicative of the anti-SLAPP counterclaim that was already raised and dismissed in the present action. Plaintiffs recognize that in dismissing that counterclaim, the Court ruled that "Troia's anti-SLAPP counterclaim cannot be brought in federal court as a matter of law" because the anti-SLAPP counterclaim conflicts with the Federal Rules of Civil Procedure; however, the Court also held that on the merits "plaintiffs' complaint is, quite clearly, not a SLAPP". DE 74 at 13, 16-17. Plaintiffs respectfully submit that the procedural conflict that merited dismissal does not impair this Court's jurisdiction over this entire case and controversy, including defendant's allegation that the instant action is a SLAPP suit, and request leave to remove the State Action Complaint to settle this particular claim consistent with the Court's earlier ruling.

In particular, the State Action is properly removed because it is part of the same case and controversy as the matter presently before this Court, and Troia has already brought this very anti-SLAPP claim as a counterclaim against Plaintiffs in the present case (Compare Counterclaims, DE 51 at 69-79, with Exh. 1 at 70 (citing the Lanham Act), 75 (claiming truthful statements), 77 (claiming SDNY Action filed to harass, intimidate, and retaliate)). Furthermore, Troia specifically pled in his counterclaim that this Court had supplemental jurisdiction over it (DE 51 at 4).

The claim at issue in the State Action is, in short, the same anti-SLAPP counterclaim already brought by Troia in the present case. No other pleadings have been made in the State Action. The principles of judicial economy and fairness to the parties support the removal of the State Action claim to this Court's jurisdiction. Troia can appeal the Court's dismissal of his

February 15, 2024
Page 2 of 2

counterclaim in due course, but he should not be permitted an end run around the Court's ruling by re-branding his claim as the State Action.

  For the reasons set forth above, Plaintiffs respectfully request a pre-motion conference regarding Plaintiffs' intent to seek removal and leave for Plaintiffs to file said removal of the State Action to the Court's jurisdiction.

Respectfully submitted,

AKRIVIS LAW GROUP, PLLC

By:  /s/ *Walter Norkin*
   Walter M. Norkin, Esq.
   (WN-4321)
   747 Third Avenue
   32nd Floor
   New York, New York 10022
   Telephone: (646) 419-5634
   Email: wnorkin@akrivislaw.com

**cc. w/o exh.**
David Lin, Esq. (Via Email and ECF)