# LEWIS & LIN LLC

Brett E. Lewis
David D. Lin

Michael D. Cilento
Michael Druckman
Jane J. Jaang
Roberto Ledesma
Rachel Ann Niedzwiadek
Savita Sivakumar
Shuyu Wang

Eric Belanger (of counsel)

77 Sands Street, 6th Floor
Brooklyn, NY 11201

Tel: (718) 243-9323
Fax: (718) 243-9326

www.iLawco.com

February 20, 2024

**VIA ECF**
Hon. Naomi Reice Buchwald, U.S.D.J.
United States District Court, Southern District of New York
500 Pearl Street
New York, NY 10007

Re: <em>LoanStreet, Inc. et al., v. Troia,</em><br><em>21-cv-06166 (NRB)</em>

Dear Judge Buchwald:

On behalf of Defendant Wyatt Troia ("Defendant" or "Troia") and pursuant to this Court's Individual Rule Section 2(b), we respectfully submit this letter in response to the Letter Motion (the "Letter," ECF No. 88) of Plaintiffs LoanStreet, Inc. and Ian Lampl (collectively, "Plaintiffs"). The Letter requested a pre-motion conference "regarding Plaintiffs' intent to seek removal" of an action filed by Troia in New York State Supreme Court (the "NY State Action"), captioned *Wyatt Troia v. LoanStreet Inc. and Ian Lampl*, Index 150354/2024. As discussed more fully below, the request in the Letter is without merit and removal of the NY State Action is not proper.

*First*, the Letter does not satisfy the procedural requirements for removal, as set forth in 28 U.S.C. § 1446. Section 1446(a) clearly requires that a party "desiring to remove any civil action from a State court shall file in the district court of the United States . . . [in] which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." Plaintiffs' Letter does not satisfy those clear statutory requirements.

*Second*, the Letter provides no substantive basis for this Court to reconsider its prior decision that the sole claim in the NY State Action cannot be brought in federal court as a matter of law. (*See* Order dated September 8, 2023 (the "Order"), ECF No. 74.) The NY State Action asserts a single claim, an anti-SLAPP claim under N.Y. Civ. Rights Law § 70-a. The single

# LEWIS & LIN LLC

claim in the NY State Action is the very claim that Defendant initially asserted as a counterclaim in this case. When Defendant originally asserted his anti-SLAPP claim before this Court as a counterclaim, he did so on the basis of supplemental jurisdiction pursuant to 28 U.S.C. § 1367 because there is no diversity jurisdiction here. This Court, on a Rule 12(b)(6) motion, dismissed Defendant's anti-SLAPP claim on the basis of the pleadings,[1] determining that that claim "cannot be brought in federal court as a matter of law." (Order at 13.) Because this Court determined that Troia's anti-SLAPP claim "cannot be brought in federal court as a matter of law" Troia has asserted his anti-SLAPP claim in the NY State Action.

Plaintiffs' professed intent to remove the NY State Action attempts improperly to contort 28 U.S.C. § 1441 into a basis for supplemental jurisdiction under 28 U.S.C. § 1367. Plaintiffs assert—with no authority—"that the procedural conflict that merited dismissal does not impair this Court's jurisdiction over this entire case and controversy, including defendant's allegation that the instant action is a SLAPP suit. . . ." (Letter at 1.) Plaintiffs' assertion flies directly in the face of this Court's ruling, as a matter of law, that Troia's anti-SLAPP "cannot be brought in federal court." Removal pursuant to 28 U.S.C. § 1441 does not confer jurisdiction over a claim for which this Court has already determined that there is none, and nothing in the Letter provides a basis for this Court to now exercise jurisdiction over Troia's anti-SLAPP claim. See, e.g., McClelland v. Longhitano, 140 F. Supp. 2d 201, 203 (N.D.N.Y. 2001) (granting motion to remand case back to state court because defendants' attempt to remove case was an attempt to "contrive federal jurisdiction," which, if condoned, would nullify "the statutory and jurisdiction mandates Congress carefully drafted for removing state cases to federal courts"). Put simply, Plaintiffs' effort to remove Troia's previously-dismissed anti-SLAPP claim runs afoul of the long-standing principle that "[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987); see also Sovereign Bank, N.A. v. Lee, 968 F. Supp. 2d 515, 518 (E.D.N.Y. 2013) ("Section 1367 does not permit defendants to remove actions that are not properly removable under § 1441(a).")

In light of the foregoing, Defendant respectfully requests that this Court deny the request in Plaintiffs' Letter.

Very truly yours,

David D. Lin

---

[1] Because Troia's anti-SLAPP counterclaim was dismissed as a matter of law on the basis of the pleadings, that claim was not actually litigated and decided on the merits by this Court. See, e.g., Chick Kam Choo v. Exxon Corp., 486 U.S. 140, 147 (1988).