

Akrivis Law Group, PLLC
One Southeast Third Avenue
Suite 2120
Miami, Florida 33131
+1.305.359.6399
akrivislaw.com

October 11, 2024

<u>Via ECF</u>

The Hon. Naomi Reice Buchwald
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

**<u>Re: LoanStreet Inc. and Ian Lampl v. Wyatt Troia, Case No. 21-cv-06166-NRB</u>**

Dear Judge Buchwald:

Pursuant to this Court's Individual Practice Rules Section 2.B., Plaintiffs LoanStreet Inc. and Ian Lampl ("Plaintiffs") respectfully submit this letter to request a pre-motion conference (or, if the Court permits, to grant the relief sought in this letter without a conference or formal motion) to seek leave to conduct a second, brief (no longer than 20 minutes) deposition of Defendant Wyatt Troia's proposed expert witness, Lamarcus Bolton. The Defendant does not oppose Plaintiffs' request for a second, brief deposition.

Dr. Bolton was deposed on August 28, 2024, before the close of expert discovery. Thereafter, on September 27, 2024, pursuant to this Court's Amended Scheduling Order (DE 97), Plaintiffs submitted a letter seeking permission to file a motion, among other things, to preclude Dr. Bolton's testimony based on *Daubert v. Merrell Dow Pharm.*, 509 U.S. 579 (1993), and its progeny, as well as Federal Rules of Evidence 702 and 403. Plaintiffs' letter argued, among other things, that "the polls only permitted responses from people who stated they worked in the 'Information Technology/IT' or 'Banking/Financial' industries, while arbitrarily excluding people who stated they worked in fields where Plaintiffs routinely hire or seek business, such as 'Communications/Information,' 'Computer Software,' 'Engineering,' and other relevant sectors."

On October 2, 2024, after expert discovery had closed, Defendant submitted to Plaintiffs a Supplemental Declaration of Dr. Lamarcus Bolton. This Declaration was cited by Defendant in his letter, also dated and filed October 2, 2024, opposing Plaintiffs request for a pre-motion conference regarding Plaintiffs' intent to file a motion to preclude Dr. Bolton's testimony. Defendant's letter stated that, "Dr. Bolton ensured the survey respondents were reasonably similar to the real-world readers of Defendant's posts by only including people in the survey who said they worked or had an interest in working in 'Information Technology/IT,' 'Computer Software,' 'Internet,' or 'Banking/Financial,'" and explained in a footnote that, "These are the correct categories that Dr. Bolton included in the survey[;] Dr. Bolton misspoke during his deposition when he said Internet and Computer Software were not included[,]" noting that "[h]e has submitted a supplemental declaration to Plaintiffs to clarify this point."

Given the Supplemental Declaration received after expert discovery had closed and the notable change from Dr. Bolton's deposition testimony, Plaintiffs respectfully request that the

October 11, 2024
Page 2 of 2

Court permit expert discovery to be re-opened only for the limited purpose of allowing Plaintiffs to take a second deposition of Dr. Bolton and grant leave for Plaintiffs to conduct a brief – no longer than 20 minute – deposition of Dr. Bolton on this topic. Defendant does not oppose this request.

    For the reasons set forth above, Plaintiffs respectfully request, which request is unopposed by Defendant, a pre-motion conference (or, if the Court permits, to grant the relief sought in this letter without a conference or formal motion) to seek leave to conduct a second, brief (no longer than 20 minutes) deposition of Defendant's proposed expert witness, Lamarcus Bolton.

                                Respectfully submitted,

                                AKRIVIS LAW GROUP, PLLC

By:    /s/ *Walter Norkin*
         Walter M. Norkin, Esq.
         (WN-4321)
         747 Third Avenue
         32nd Floor
         New York, New York 10022
         Telephone: (646) 419-5634
         Email: wnorkin@akrivislaw.com

**cc.** David Lin, Esq. (Via ECF)