**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
UNITED STATES COURTHOUSE
500 PEARL STREET
NEW YORK, NY 10007

**NAOMI REICE BUCHWALD**　　　　　　　　　　　　　　　　　　(212) 805-0194
**UNITED STATES DISTRICT JUDGE**

February 4, 2025

Wyatt N. Troia
300 Albany Street, 8G
New York, NY 10280

David Dong Ann Lin
Lewis & Lin, LLC
77 Sands Street
6th Floor
Brooklyn, NY 11201

　　　　Re: **LoanStreet, Inc. et al. v. Troia, 21 Civ. 6166 (NRB)**

Dear Mr. Troia and Mr. Lin:

　　The Court is in receipt of Mr. Lin's Motion to Withdraw as Counsel and Intention to Provide Limited-Scope Representation for Defendant Wyatt Troia, ECF No. 132, as well as the accompanying Memorandum of Law, ECF No. 135, and Declarations by Mr. Lin and Mr. Troia, ECF Nos. 133-34. In these papers, Mr. Lin states that he intends to provide "limited-scope representation" to Mr. Troia, including the provision of "legal advice on an ongoing basis for the pendency of this lawsuit[.]" See, e.g., ECF No. 132 ¶ 3.b. However, Mr. Lin represents that he "will not act in any other capacity that would require [him] to file papers with the court; appear before a judge, arbitrator, or mediator; or communicate with opposing counsel." Id.

　　Mr. Lin's application is made pursuant to Local Rule 1.4(c), which provides that, "[u]nless otherwise ordered by the court, an attorney may provide limited-scope representation to a party in a civil case." The Court declines to approve the proposed limited-scope representation for the following reasons. The proposed arrangement, whereby Mr. Troia would appear pro se, would presumably accord him the special solicitude traditionally given to pro se litigants while, at the same time, giving him the benefit of legal advice from an attorney who, by not signing any submissions, avoids the obligation to act as an officer of the Court subject to sanctions under Fed. R. Civ. P. 11, 28 U.S.C. § 1927, and other applicable disciplinary rules. See Ellis v. Maine, 448 F.2d 1325, 1328 (1st Cir. 1971) (disapproving of attorneys "represent[ing] petitioners, informally or otherwise, and prepar[ing] briefs for them which the assisting lawyers do not sign, and thus escape the obligation imposed on members of the bar . . . of representing to the court that there is good ground to support the assertions made"). Stated otherwise, Local Rule 1.4(c) does not permit Mr. Lin to "ghostwrite" Mr. Troia's future submissions to the Court or otherwise

"guide[] the course of the litigation with an unseen hand[.]"[1]  See Mejia v. Robinson, No. 16 Civ. 9706 (GHW), 2018 WL 3821625, at *3 (citing Duran v. Carris, 238 F.3d 1268, 1271 (10th Cir. 2001)).

      Given the Court's ruling, Mr. Troia is directed to submit a letter to the Court on or before Monday, February 10, 2025 affirming that he intends to proceed pro se in this litigation without the assistance of Mr. Lin.

      Very truly yours,

      Naomi Reice Buchwald
      United States District Judge

Cc: All counsel via ECF

---

[1] We note that the Court's concern is not unfounded.  Rather, it is based on the Court's previous experiences with Mr. Troia in this proceeding.  On September 16, 2022, Mr. Troia's prior counsel filed a motion to withdraw, citing Mr. Troia's intent to proceed pro se, ECF No. 44.  In a subsequent Memorandum and Order addressing plaintiffs' motion to dismiss Mr. Troia's counterclaims and motion for judgment on the pleadings, the Court declined to afford Mr. Troia the "special solicitude" granted to him as a pro se defendant, noting that the papers he filed following the withdrawal of his counsel "appear[ed] to have been aided by individual(s) with legal training."  ECF No. 74 at 9, n. 7 (citing Askins v. Metro. Transit Auth., No. 19 Civ. 4927 (GHW), 2020 WL 1082423, at *3 (S.D.N.Y. Mar. 5, 2020) (collecting cases).