**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

LOANSTREET, INC. and IAN LAMPL,

Plaintiffs,

-against-

WYATT TROIA,

Defendant.

Civil Action No. 1:21-cv-06166-NRB

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF**
**HIS MOTION FOR RECONSIDERATION PURSUANT TO LOCAL CIVIL RULE 6.3**

I, Defendant Wyatt Troia ("Defendant"), respectfully submit this memorandum of law in support of my motion for reconsideration of this Court's March 16, 2026 Order (ECF No. 209), denying my request to remove the "Confidential" designation of certain emails produced by Plaintiffs in discovery (LS-0000301 – LS-0000305).

## LEGAL STANDARD

Reconsideration is warranted where the moving party identifies "controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

## ARGUMENT

I.  **THE COURT OVERLOOKED CONTROLLING AUTHORITY PLACING THE BURDEN OF JUSTIFYING CONFIDENTIALITY DESIGNATIONS ON THE DESIGNATING PARTY, AND THE ABSENCE OF ANY TIMELINESS BAR**

The Court's order rested on three grounds: (1) that my challenge was untimely; (2) that I failed to show prejudice from maintaining the designation; and (3) that the "Confidential" designation has no impact on my ability to use or introduce the documents at trial. All three grounds of the Court's order rest on the premise that the challenging party bears some burden—of timeliness, of demonstrating prejudice, or of showing that the designation has practical consequences. Controlling authority holds otherwise: where, as here, a stipulated protective order permits unilateral confidentiality designations without a prior showing of good cause, the burden falls on the designating party to justify the designation when challenged.

First, Paragraph 12 of the Protective Order (ECF No. 87) sets forth a procedure for challenging confidentiality designations but imposes no deadline for doing so, nor any requirement that a challenge be raised during the discovery period. Second, and more

1

fundamentally, the burden of justifying a "Confidential" designation rests on the designating party, not on the party challenging it.

The Court's order required me to demonstrate prejudice from the designation, but neither the Protective Order nor the governing case law imposes any such burden on the challenging party. In *Schiller v. City of New York*, No. 04 CIV. 7921 KMK JCF, 2007 WL 136149, at *3 (S.D.N.Y. Jan. 19, 2007), the court held that "[w]here a protective order permits the parties to designate discovery materials as "Confidential" without a showing of good cause, and one party challenges a designation made by another, the challenging party is not seeking to modify the protective order and therefore does not bear the burden of demonstrating that the confidentiality designations should be lifted." In rejecting the designating party's argument that the challenger had "articulated no prejudice" from maintaining the designations, the court stated: "Because the [designating party] bears the burden of demonstrating good cause, these claims are without merit." *Id.* at *5 n.4.

Here, as in *Schiller*, the Protective Order permits unilateral designation of materials as "Confidential" (Paragraph 7) and provides a procedure for challenging those designations (Paragraph 12). I invoked that procedure. The Court's order denied my challenge based on delay and my failure to show prejudice, without requiring Plaintiffs to demonstrate good cause — the very approach *Schiller* rejected. Plaintiffs were required to demonstrate that the documents at issue constitute "trade secret or other confidential research, development, or commercial information" under Paragraph 2 of the Protective Order. The documents are emails from Plaintiff Ian Lampl to the social media platform TeamBlind submitting a copyright complaint to remove a third-party post because it linked to Plaintiffs' own publicly filed legal brief in this case. Plaintiffs have offered no meaningful explanation of how such correspondence qualifies under

2

that standard. Plaintiffs have thus failed to meet their burden to justify the designation, and the Court's order did not address whether they had.

Third, the Court's observation that the "Confidential" designation does not affect trial admissibility, while accurate, does not resolve the question presented. The designation does impose obligations beyond trial use: Paragraph 14 limits disclosure to enumerated categories of persons, Paragraph 18 requires that any pre-trial submission of designated materials comply with the Court's sealed filing procedures, and Paragraph 19 requires execution of a non-disclosure agreement before disclosure to most recipients. But even setting aside these practical consequences, the analysis should not turn on whether I am prejudiced by the designation. As with the Court's second ground, the governing question is whether Plaintiffs have demonstrated good cause for imposing it—not whether I have demonstrated harm from maintaining it. The Court's third ground, like its second, applies the burden to the wrong party.

## CONCLUSION

For the above reasons, and because the Court's March 16, 2026 Order overlooked controlling law that would have required a different result, I respectfully request that the Court reconsider its Order and apply the correct burden.

Dated: March 17, 2026
New York, New York

Respectfully submitted,

/s/ Wyatt Troia
Wyatt Troia
300 Albany Street, 8G
New York, NY 10280
Tel: (402) 990-3834

*Defendant*

3