

100 SE 2nd Street,
Suite 3650
Miami, FL 33131

+1.305.359.6399

akrivislaw.com

March 25, 2026

<u>Via ECF</u>
The Hon. Naomi Reice Buchwald
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

### <u>Re: LoanStreet Inc. and Ian Lampl v. Wyatt Troia, Case No. 21-cv-06166-NRB</u>

Dear Judge Buchwald:

On behalf of our clients, Plaintiffs LoanStreet Inc. and Ian Lampl, we write in opposition to Defendant Wyatt Troia's motion for reconsideration (ECF No. 211) of this Court's March 16, 2026, Order (ECF No. 209) denying his request to remove the "Confidential" designation of the documents produced at LS-0000301 – LS-0000305 in this case.

The Court should deny Mr. Troia's motion because he has merely repeated the same argument that he previously made in his letter motion challenging the document's confidentiality designation: that Plaintiffs bear the burden of demonstrating good cause for maintaining the designation (*see* ECF 205 at 1 ("The party maintaining a confidentiality designation bears the burden of demonstrating good cause"); ECF 211 at 1 ("the burden falls on the designating party to justify the [confidentiality] designation when challenged"). That Defendant has picked out a different non-controlling case to support the same fundamental principle – *Schiller v. City of New York*, No. 04 CIV. 7921 KMK JCF, 2007 WL 136149 (S.D.N.Y. Jan. 19, 2007) – does not demonstrate that the Court overlooked the argument in its Order nor negate that Plaintiffs have met their burden for maintaining the "Confidential" designation, explaining the document is "a business-to-business communication which reflects both a confidential message between businesses and commercial information as one of the processes by which Mr. Lampl sought to mitigate the damage being caused by Defendant's defamation." ECF 206 at 1.

Moreover, Defendant does not deny that the document is not otherwise publicly available, and that there is no presumption of a general public right to access it. Nor does he deny that he has had the document since it was produced in discovery (which closed over a year ago), and that Plaintiffs could be prejudiced by its disclosure – all factors that collectively demonstrate good cause for maintaining the document's confidentiality.

Instead, as has been the case with Defendant's previous motions to reconsider, Defendant simply disagrees with the Court's Order, which he casts as a motion for reconsideration without

Page 2 of 2

actually showing that the Court erred in its decision beyond ruling against Defendant's desired outcome. Plaintiffs respectfully request that the Court deny his most recent attempt accordingly.

Respectfully submitted,

AKRIVIS LAW GROUP, PLLC

By:    /s/ *Walter Norkin*
Walter M. Norkin, Esq.
(WN-4321)
747 Third Avenue
32nd Floor
New York, New York 10022
Telephone:  (646) 419-5634
Email: wnorkin@akrivislaw.com