March 27, 2026

**VIA ECF**
Hon. Naomi Reice Buchwald, U.S.D.J.
United States District Court, Southern District of New York
500 Pearl Street
New York, NY 10007

Re: <em>LoanStreet, Inc. et al., v. Troia,</em><br>21-cv-06166 (NRB)

Dear Judge Buchwald,

I respectfully submit this reply in further support of my motion for reconsideration of the Court's March 16, 2026 Order (ECF No. 209).

Plaintiffs' opposition (ECF No. 212 at 1) mischaracterizes this motion as "the same argument" supported by "a different non-controlling case." It is neither. My original application (ECF No. 205) cited *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 142 (2d Cir. 2004), for the general principle that the designating party bears the burden of demonstrating good cause for a confidentiality designation under Rule 26(c). The Court's order denied the application without addressing that burden. This motion identifies a specific, controlling legal framework the Court overlooked: that challenging a **unilateral** designation under a stipulated blanket protective order is not a request to "modify" the order, and therefore the challenger need not demonstrate prejudice or timeliness—the **designating party** must demonstrate good cause. That is the holding of *Schiller v. City of New York*, No. 04 CIV. 7921 KMK JCF, 2007 WL 136149, at *3 (S.D.N.Y. Jan. 19, 2007), which Plaintiffs dismiss but do not distinguish.

Plaintiffs call *Schiller* "non-controlling," but the principle it applies is binding. The Second Circuit has held that under Rule 26(c), "the party seeking a protective order has the burden of showing that good cause exists for issuance of that order." *Gambale*, 377 F.3d at 142. As this District has recognized, "[a] blanket protective order **temporarily postpones the good cause showing** until a party or intervenor challenges the continued confidential treatment of particular documents. The burden of establishing good cause then lies with the party seeking to prevent the disclosure of documents." *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 243 (S.D.N.Y. 2009) (citing *Gambale*) (emphasis added). *Schiller* applies this binding framework. Plaintiffs' suggestion that it can be disregarded as "non-controlling" ignores that the underlying rule is Second Circuit law. Plaintiffs cite no contrary authority—indeed, across two rounds of briefing on this issue (ECF Nos. 206 and 212), they have not cited a single case. To the contrary, **Plaintiffs' own opposition admits that they bear the burden of justifying the designation**. See ECF No. 212 at 1 (claiming "Plaintiffs have met their burden for maintaining the 'Confidential' designation").

Plaintiffs' sole attempt to demonstrate good cause is their assertion that the documents reflect "a business-to-business communication which reflects both a confidential message between businesses and commercial information as one of the processes by which Mr. Lampl

sought to mitigate the damage being caused by Defendant's defamation." ECF No. 212 at 1. This characterization fundamentally misconstrues the standard. The Protective Order limits the "Confidential" designation to "'trade secret or other confidential research, development, or commercial information,' as those terms are construed within the meaning of Federal Rule of Civil Procedure 26(c)(1)(G)." ECF No. 87 ¶ 2. Plaintiffs would have the Court believe that this is a catch-all for any confidential commercial information, and apparently even that "commercial information" is a standalone category encompassing any information that relates to business activity — regardless of whether it confers any competitive advantage or would cause any injury if disclosed. This Circuit's precedent explicitly rejects that interpretation. "[I]mplicit in the notion of 'confidential business information' is something beyond the mere fact that the particular datum has not previously been made available to the public." *Salomon Smith Barney, Inc. v. HBO & Co.*, 98 Civ. 8721 (LAK), 2001 WL 225040, at *3 (S.D.N.Y. Mar. 7, 2001). "[A]n assertion of confidential business information, without more, will not merit trade secret protection." *King Pharms., Inc. v. Eon Labs, Inc.*, No. 04-CV-5540 DGT, 2010 WL 3924689, at *7 (E.D.N.Y. Sept. 28, 2010). "To establish good cause under Rule 26(c) the courts have generally required a 'particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.' ... With respect to the claim of confidential business information, this standard demands that the company prove that disclosure will result in a 'clearly defined and very serious injury to its business.'" *Gelb v. Am. Tel. & Tel. Co.*, 813 F. Supp. 1022, 1034 (S.D.N.Y. 1993) (internal citations omitted).

A trade secret is "any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Softel, Inc. v. Dragon Med. & Scientific Commc'ns*, 118 F.3d 955, 968 (2d Cir. 1997) (quoting the Restatement of Torts). "[B]oth state and federal courts have routinely applied the[se] six factors … when determining the existence of a trade secret:

> (1) the extent to which the information is known outside of [the] business; (2) the extent to which it is known by employees and others involved in [the] business; (3) the extent of measures taken by [the business] to guard the secrecy of the information; (4) the value of the information to [the business] and [its] competitors; (5) the amount of effort or money expended by [the business] in developing the information; (6) the ease or difficulty with which the information could be properly acquired or duplicated by others." *In re Parmalat*, 258 F.R.D. at 245.

Plaintiffs attempt to water down the Rule 26(c) "confidential business information" standard to mere confidentiality or commerciality because they cannot meet the real standard. The documents at issue are emails from Plaintiff Ian Lampl to TeamBlind's support team submitting a copyright complaint to remove a third-party user's post that linked to Plaintiffs' own publicly filed legal brief. Plaintiffs do not even attempt to argue that these emails contain information that "gives [them] an opportunity to obtain an advantage over competitors." *Softel*, 118 F.3d at 968. Nor could they. Sending an email to a social media platform is not a trade secret. Filing a copyright takedown request is not confidential research or development. And the characterization of these emails as reflecting "one of the processes by which Mr. Lampl sought to mitigate the damage" does not transform those communications into protectable commercial information—no competitor could gain any advantage from knowing that Mr. Lampl sent it.

Plaintiffs have never explained—in their original opposition, in our meet and confer, or in their response to this motion—how a copyright complaint about a public court filing fits within Rule 26(c)'s definition of "confidential business information." They have not done so because they cannot.

Plaintiffs' remaining arguments are equally unavailing. That the documents are "not otherwise publicly available" (ECF No. 212 at 1) does not make them trade secrets; "implicit in the notion of 'confidential business information' is something beyond the mere fact that the particular datum has not previously been made available to the public." *Salomon Smith Barney*, 2001 WL 225040, at *3. Plaintiffs' assertion that "there is no presumption of a general public right to access" the documents (ECF No. 212 at 1) is irrelevant to whether Plaintiffs have established good cause for designating these documents as "Confidential" under the Protective Order. That I have "had the document since it was produced" (*id.*), no matter when that was, is irrelevant to whether Plaintiffs have established good cause for the designation. And the assertion that Plaintiffs "could be prejudiced by its disclosure" (*id.*) is unsupported, vague speculation that, in any event, asks the wrong question: the issue is not whether disclosure might prejudice Plaintiffs, but whether they have demonstrated good cause for the designation under the Protective Order and Rule 26(c). They have not.

In sum, Plaintiffs have not even attempted to meet the requirements under Rule 26(c) for establishing good cause for the challenged designation. They have not attempted to explain how their emailed copyright complaint contains any "formula, pattern, device or compilation of information which is used in [their] business, and which gives [them] an opportunity to obtain an advantage over competitors who do not know or use it." *Softel*, 118 F.3d at 968. Neither have Plaintiffs attempted to "prove that disclosure will result in a 'clearly defined and very serious injury to [their] business.'" *Gelb*, 813 F. Supp. at 1034.

Because Plaintiffs have failed to demonstrate good cause for the "Confidential" designation of these documents, I respectfully request that the Court grant my motion for reconsideration.

Respectfully submitted,

*/s/ Wyatt Troia*
Wyatt Troia
300 Albany Street, 8G
New York, NY 10280
Tel: (402) 990-3834

*Defendant*