May 12, 2026

**VIA ECF**
Hon. Naomi Reice Buchwald, U.S.D.J.
United States District Court, Southern District of New York
500 Pearl Street
New York, NY 10007

<em>Re: LoanStreet, Inc. et al., v. Troia,<br>21-cv-06166 (NRB)</em>

Dear Judge Buchwald,

I write pursuant to Paragraph 12 of the Stipulation and Protective Order (ECF No. 87) (the "Protective Order") to request that the Court order the removal of the "Confidential" designation from documents LS-0001392, LS-0001394, LS-0001448, LS-0001449, LS-0001450, and LS-0001451.

On April 29, 2026, I challenged Plaintiffs' "Confidential" designation of seven documents. The six documents now at issue are spreadsheets covering historical financial data from periods between 2020 and 2024—now between two and six years old—including LoanStreet's recruiting-vendor spend with services such as Built In, Google Ads, and LinkedIn (LS-0001392); three "Litigation Damages" spreadsheets applying an estimated-hours-per-week input and a five-times scale factor to a per-employee cost buildup (LS-0001448, LS-0001450, and LS-0001451), with their source employee payroll data (LS-0001394); and outside legal fees paid in this matter (LS-0001449). The parties met and conferred through a series of substantive emails over the following two weeks, in which Plaintiffs agreed to de-designate LS-0000180 but declined to de-designate the six documents listed above. On May 12, 2026, Plaintiffs informed me that "we are at an impasse" and invited me to file.

The Protective Order limits the "Confidential" designation to "'trade secret or other confidential research, development, or commercial information,' as those terms are construed within the meaning of Federal Rule of Civil Procedure 26(c)(1)(G)." ECF No. 87 ¶ 2. Plaintiffs bear the burden of demonstrating good cause for applying that designation. *See* ECF No. 216; *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 142 (2d Cir. 2004). That burden requires "a 'particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements,'" and "demands that the company prove that disclosure will result in a 'clearly defined and very serious injury to its business.'" *Gelb v. Am. Tel. & Tel. Co.*, 813 F. Supp. 1022, 1034 (S.D.N.Y. 1993) (internal citations omitted).

Plaintiffs have not carried that burden. The bases they offered for maintaining the designations are that the documents contain information that "fall[s] squarely within what would be considered confidential"; contain information LoanStreet "considers confidential, that it would prevent competitors from learning"; that LoanStreet "would prefer that competitors not be aware of [the] spending"; that the information "could help their competitors"; and that it is "internal company spending data" that is "discretionary," "negotiable," "varies from company to company," and "isn't information that would be in a public filing such as a 10K." These are

precisely the kind of "stereotyped and conclusory statements" the standard rejects. *Gelb*, 813 F. Supp. at 1034. None identifies, much less proves, a "clearly defined and very serious injury" to LoanStreet's business that would result from disclosure of any specific document. *Id.* Defendant respectfully requests that the Court order the "Confidential" designation removed from LS-0001392, LS-0001394, LS-0001448, LS-0001449, LS-0001450, and LS-0001451.

Respectfully submitted,

*/s/ Wyatt Troia*
Wyatt Troia
300 Albany Street, 8G
New York, NY 10280
Tel: (402) 990-3834

*Defendant*