June 18, 2026

**VIA ECF**
Hon. Naomi Reice Buchwald, U.S.D.J.
United States District Court, Southern District of New York
500 Pearl Street
New York, NY 10007

*Re: LoanStreet, Inc. et al. v. Troia,*
*21-cv-06166 (NRB)*

Dear Judge Buchwald,

I write in response to the Court's May 28, 2026 letter (ECF No. 274), which invited the parties to inform the Court of any conflicts with the proposed November and December trial windows, and further to the Court's June 18, 2026 endorsement (ECF No. 288), which adjourned without date the June 22, 2026 deadline for the parties' proposed jury instructions, voir dire questions, and verdict forms. Defendant respectfully writes to advise the Court of his trial availability and to address two related scheduling matters.

As to trial dates, Defendant is available to begin trial the week of December 7, 2026 — a date Plaintiffs have represented they can also accommodate — and is available for the full two-week window the Court reserved beginning that week (the weeks of December 7 and December 14, 2026). The November windows present a conflict: Defendant has a long-planned commitment to attend a wedding abroad the weekend of November 7, 2026, requiring international travel during the week of November 2 and returning the day before a November 9 trial would begin. A trial during the week of November 2 would fall within that travel, and a trial commencing Monday, November 9 would require Defendant to begin trial the morning after returning from international travel, creating an unacceptable risk that a travel disruption could delay the start of trial. A trial beginning the week of December 14 would not be workable, however, because Defendant's expert witness, Mr. Deepak Sabiki, is unavailable that week; for the same reason, should a trial commencing December 7 extend into a second week, Defendant respectfully requests that he be permitted to call Mr. Sabiki during the first week of trial. For these reasons, Defendant respectfully requests that the Court set trial to begin the week of December 7, 2026.

Defendant notes that the Court has adjourned the deadline for proposed jury instructions, voir dire questions, and verdict forms without date. When the Court resets that deadline, Defendant respectfully requests that it be set far enough before trial — Defendant suggests no later than 45 days before trial — to afford the Court adequate time to consider the parties' competing proposals and to rule on them in advance of trial. Defendant anticipates that the parties' competing proposals will differ in numerous respects, including issues that the Court's rulings on the motions in limine may not fully resolve, and that resolving those differences will require careful attention from the Court; the two weeks before trial that Plaintiffs proposed (ECF No. 287) would not, in Defendant's respectful submission, allow sufficient time for that task. Relatedly, Defendant requests that the Court hold a charge conference in advance of trial, so that the parties may learn the Court's rulings, raise any objections under Federal Rule of Civil

Procedure 51, and account for the instructions and verdict form in their trial strategy before trial rather than during it — a particular concern for Defendant, who is proceeding pro se while employed full-time. Defendant has already prepared his proposed jury instructions, verdict form, and voir dire questions and is prepared to file them on whatever schedule the Court sets.

Finally, on May 5, 2026 the Court also set July 2, 2026 as the date for the parties to exchange marked trial exhibits, at a time when the July trial date was still operative. For the same reasons, Defendant respectfully requests that this deadline likewise be deferred and reset in relation to the new trial date as part of the Court's pretrial schedule.

Defendant thanks the Court for its consideration.

Respectfully submitted,

*/s/ Wyatt Troia*
Wyatt Troia
300 Albany Street, 8G
New York, NY 10280
Tel: (402) 990-3834

*Defendant*